IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VICKI CHRISTIANSEN, Chief, U.S. Forest Service; and AURELIA SKIPWITH, Director, U.S. Fish and Wildlife Service,<br><br>　　　　　Federal Defendants. | Case No. 1:20-cv-00863-KK-JFR |

**FEDERAL DEFENDANTS' RESPONSE TO PLAINTIFF'S AUGUST 27, 2020 "COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF" [ECF NO. 1]**

　　　　Federal Defendants hereby respond to Plaintiff's August 27, 2020 "Complaint for Declaratory and Injunctive Relief," ECF No. 1 (hereinafter "Complaint"), as follows:

　　　　1.　　　Plaintiff's "Complaint" alleges that the U.S. Forest Service and U.S. Fish and Wildlife Service have violated various provisions of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531 *et seq.*, relating to the Forest Service's management of two livestock grazing allotments on the Lincoln National Forest with respect to effects on the endangered New Mexico meadow jumping mouse.  ECF No. 1 ¶¶ 1-4.  Plaintiff alleges that it brings its claims pursuant to the "ESA citizens suit" provision, 16 U.S.C. § 1540(g), and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.  *Id.* ¶ 4.

　　　　2.　　　The Tenth Circuit has held that claims challenging federal agency compliance with the ESA are to be reviewed in accordance with the judicial review provisions of the APA, 5 U.S.C. §§ 701-706.  *See, e.g.*, *Rio Grande Silvery Minnow v. Bureau of Reclamation*, 601 F.3d

1

1096, 1106 n.3 (10th Cir. 2010) ("The APA governs judicial review of agency action challenged through the ESA citizen-suit provision."); *Coal. for Sustainable Res. v. U.S. Forest Serv.*, 259 F.3d 1244, 1249 (10th Cir. 2001) ("Judicial review of agency action through the [ESA] citizen-suit provision is governed by the [APA].").

3. In *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (10th Cir. 1994), the Tenth Circuit held that challenges to federal agency actions pursuant to the judicial review provisions of the APA are not subject to the use of normal civil trial procedures:

> A district court is not exclusively a trial court. In addition to its *nisi prius* functions, it must sometimes act as an appellate court. Reviews of agency action in the district courts must be processed *as appeals*. In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure.

42 F.3d at 1580 (emphasis in original). *See also WildEarth Guardians v. U.S. Forest Serv.*, 668 F. Supp. 2d 1314, 1323 (D.N.M. 2009) ("Pursuant to *Olenhouse* . . . , claims under the APA are treated as appeals and governed by reference to the Federal Rules of Appellate Procedure.").

4. In *Olenhouse*, the Tenth Circuit stated that part of "the illicit procedure [the district court] employed to determine the issues for review" was that the district court had "processed the [plaintiffs'] appeal as a separate and independent action, *initiated by a complaint* and subjected to discovery and a 'pretrial' motions practice." *Id.* at 1579 (emphasis added); *see also N. New Mexicans Protecting Land Water & Rights v. United States*, No. CV 15-0559 JB/LF, 2015 WL 8329509, at *12 (D.N.M. Dec. 4, 2015) ("Furthermore, in *Olenhouse* . . . , the Tenth Circuit states that a district court's job in APA cases is not to determine which facts are disputed—like it does in the Complaint and Answer procedure, . . . [but] is to act as an appellate court, and to determine whether the agency considered the relevant information or made an arbitrary and capricious decision.") (citing *Olenhouse*, 42 F.3d at 1579).

5.      The law in the Tenth Circuit, as set forth explicitly in *Olenhouse*, is clear that a "Complaint" is an improper vehicle for initiating claims challenging a federal agency action in federal district court.  Therefore, Plaintiff's "Complaint" should be treated as a "Petition for Review of Agency Action," to which no "Answer" is required under the Federal Rules of Civil Procedure, which are generally inapplicable.  The Tenth Circuit has recognized that the procedure mandated by *Olenhouse* is the correct procedure for claims challenging compliance with the ESA.  *See, e.g.*, *Forest Guardians v. U.S. Fish and Wildlife Serv.*, 611 F.3d 692, 702 n.12 (10th Cir. 2010) ("Even though this action was originally filed in the form of a complaint, the parties later agreed to proceed as if it properly had been filed as a petition for review of agency action.") (citing *Olenhouse*, 42 F.3d at 1579-80); *San Diego Cattlemen's Cooperative Ass'n v. Vilsack*, No. 1:14-cv-00818-RB/WPL, 2015 WL 12866452, at *5 (D.N.M. Apr. 20, 2015) (denying motion for an order requiring Federal Defendants to answer complaint in ESA and APA case, similarly challenging the Forest Service's compliance with the ESA relating to the New Mexico meadow jumping mouse on livestock grazing allotments); *Day v. Nat. Res. Conservation Serv.*, No. 1:15-CV-01044-JCH-KRS, 2018 WL 6047414, at *5 (D.N.M. Nov. 19, 2018) ("Because the Agency is correct that reviews of agency action must be treated as appeals, the Court will interpret Day's complaint as a 'Petition for Agency Review' and his Brief in Chief as being a memorandum in support of that petition.").

6.      Federal Defendants deny all violations of federal law alleged in Plaintiff's "Complaint" and deny the allegations underlying Plaintiff's claims that federal laws have been violated.  In accordance with *Olenhouse*, the Parties should work to agree on a schedule for the filing of any motions to dismiss, followed by production of the Administrative Records and briefing on the merits of Plaintiff's appeals from the challenged agency actions for any claims

remaining after any motions to dismiss are resolved.  *See, e.g.*, *WildEarth Guardians*, 668 F. Supp. 2d at 1323 (noting that the case was resolved on the merits based on briefing that "is consistent with the Federal Rules of Appellate Procedure" and the Court's scheduling order); *see also id.* ("Although [the plaintiff] captioned its initial filing as a 'Complaint' rather than a 'Petition for Review of Agency Action,' the parties subsequently agreed to proceed under *Olenhouse* in briefing the merits.").  To conserve the Parties' and the Court's resources, this proposed schedule should also take into the consideration the possibility of ongoing settlement negotiations and resolution, which the Parties have been discussing.

      Respectfully submitted this 2nd day of November, 2020.

> JEAN E. WILLIAMS
> Deputy Assistant Attorney General
> Environment & Natural Resources Division
> United States Department of Justice
>
>    /s/ Andrew A. Smith                          .
> ANDREW A. SMITH (NM Bar No. 8341)
> Senior Trial Attorney
> Environment and Natural Resources Division
> United States Department of Justice
> c/o United States Attorney's Office
> 201 Third Street, N.W., Suite 900
> P.O. Box 607
> Albuquerque, New Mexico 87103
> Phone: (505) 224 1468
> andrew.smith@usdoj.gov
>
> EMMA L. HAMILTON (CA Bar No. 325360)
> Trial Attorney
> Environment and Natural Resources Division
> United States Department of Justice
> P.O. Box 7611
> Washington, D.C. 20044-7611
> Phone: (202) 305-0479
> emma.hamilton@usdoj.gov
>
> *Counsel for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2020, I filed the foregoing pleading electronically through the CM/ECF system which caused all parties or counsel to be served by electronic means as more fully reflected on the Notice of Electronic Filing.

　　　　　　　　　　　　　　　　　　　　*/s/ Andrew A. Smith*
　　　　　　　　　　　　　　　　　　　　Andrew A. Smith
　　　　　　　　　　　　　　　　　　　　U.S. Department of Justice