IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, </br></br> Plaintiff, </br></br> v. </br></br> VICKI CHRISTIANSEN, Chief, U.S. FOREST SERVICE; MARTHA WILLIAMS, Principal Deputy Director, U.S. FISH AND WILDLIFE SERVICE, </br></br> Federal Defendants. | No. 1:20-cv-00863-WJ-JFR |

## SETTLEMENT AGREEMENT

This Settlement Agreement is entered into by and between Plaintiff Center for Biological Diversity and Federal Defendants Vicki Christiansen, in her official capacity as Chief of the U.S. Forest Service (hereafter "Forest Service"), and Martha Williams, in her official capacity as Principal Deputy Director of the U.S. Fish & Wildlife Service (hereafter, "FWS") (collectively, "the Parties"), who state as follows:

WHEREAS, Plaintiff filed its "Complaint for Declaratory and Injunctive Relief," ECF No. 1, on August 27, 2020;

WHEREAS, Plaintiff's Complaint alleges that Federal Defendants violated various provisions of the Endangered Species Act ("ESA"), 16 U.S.C. §§ 1531-1544, in relation to the United States Forest Service's administration of the Sacramento Allotment and Agua Chiquita Allotment on the Lincoln National Forest and impacts to the endangered New Mexico Meadow Jumping Mouse;

WHEREAS, Federal Defendants filed their response to Plaintiff's Complaint on November 2, 2020, ECF No. 15, denying Plaintiff's allegations;

WHEREAS, the Forest Service has taken action to reinitiate ESA Section 7(a)(2) consultations on the Allotments by submitting "biological assessments" to FWS on January 15, 2021 and February 18, 2021;

WHEREAS, the Parties, through their authorized representatives, have reached a settlement that they believe is in the public interest and consider to be a just, fair, adequate, and equitable resolution of the claims set forth in Plaintiff's Complaint;

THEREFORE, Plaintiff and Federal Defendants stipulate and agree to the following:

1. <u>ESA Consultation</u>.

FWS will conclude the reinitiated ESA consultation processes on the Sacramento Allotment and Agua Chiquita Allotment by April 20, 2021.

2. <u>Modification of Agreement</u>.

This Settlement Agreement may be modified by the Court upon good cause shown by (i) written stipulation between the Parties filed with and approved by the Court, or (ii) upon written motion filed by one of the Parties and granted by the Court.  In the event that either Party seeks to modify the terms of this Agreement, including the deadlines specified in Paragraph 1, or in the event of a disagreement between the Parties concerning any aspect of this Agreement, or in the event that either Party believes that the other Party has failed to comply with any term or condition of this Agreement, the Party seeking the modification, raising the dispute, or seeking enforcement shall provide the other Party with notice of the claim.  The Parties agree that they will meet and confer (telephonically or in-person) at the earliest possible time in a good-faith effort to resolve the claim before seeking relief from the Court.  If the Parties are unable to resolve the claim themselves, either Party may seek relief from the Court.  In the event that Plaintiff believes that Federal Defendants have failed to comply with a term of this Agreement and have not sought to modify it, Plaintiffs' first remedy shall be a motion to enforce the terms of this Agreement.  This Agreement shall not be enforceable through a proceeding for contempt of Court.

3. <u>Dismissal of Action</u>.

      a.      Upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice.  Notwithstanding the dismissal of this action, the Parties hereby stipulate and respectfully request that the Court retain jurisdiction to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms, until Federal Defendants satisfy their obligations under the Agreement.  *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375 (1994).

      b.      The Parties agree that Paragraph 3.a does not extend the Court's jurisdiction to hear any dispute over the adequacy or content of the results of the ESA Section 7(a)(2) consultation processes prepared under Paragraph 1, including the accompanying analyses and consultation.  The Parties agree that any such challenge must be brought though a new judicial action and/or any applicable agency objection process.

4.      <u>Attorneys' Fees and Costs</u>.

      a.      Federal Defendants agree to pay Plaintiff $38,000.00 in full and complete satisfaction of any and all claims, demands, rights, and causes of action pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), ESA Section 11(g)(4), 16 U.S.C. § 1540(g)(4), and/or any other statute and/or common law theory, for any and all attorneys' fees, costs, and expenses incurred in this litigation through the date of dismissal of the action pursuant to Paragraph 3.

      b.      Federal Defendants' payment as identified in Paragraph 4.a above, shall be accomplished by electronic fund transfer into the Client Trust Account for Eubanks & Associates, PLLC.  Plaintiff's counsel will provide the appropriate account number, tax identification, and other information needed to facilitate payment to undersigned counsel for Federal Defendants.  Federal Defendants shall submit the paperwork for the payment within thirty (30) business days after this Settlement Agreement is approved by the Court or Plaintiff provides the necessary information as required by this paragraph to facilitate the payment, whichever is later.  Plaintiff's counsel shall notify undersigned counsel for Federal Defendants when payment is received.

      c.      Plaintiff agrees that receipt of the full amount specified in Paragraph 4.a above shall operate as a release of any and all claims for attorneys' fees and costs that Plaintiff has incurred in this litigation through the date of dismissal of the action pursuant to Paragraph 3.

      d.      Plaintiff and its attorneys agree to hold harmless Federal Defendants in any litigation, further suit, or claim arising from the payment of the agreed-upon $38,000.00 settlement amount pursuant to Paragraph 4.a.  Under 31 U.S.C. §§ 3711, 3716; 26 U.S.C. § 6402(d); 31 C.F.R. §§ 285.5, 901.3; and other authorities, the United States will offset against the attorney fee award Plaintiff's delinquent debts to the United States, if any.  *See Astrue v. Ratliff*, 560 U.S. 586 (2010).

5.      <u>Representative Authority</u>.

      The undersigned representatives of Plaintiff and Federal Defendants certify that they are fully authorized by the party or parties whom they represent to enter into the terms and conditions of this Settlement Agreement and to legally bind those parties to it.

6.      <u>Compliance with Other Laws</u>.

      Nothing in this Settlement Agreement shall be interpreted as, or shall constitute, a commitment or requirement that Federal Defendants obligate or pay funds, or take any other actions in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable law.  Nothing in this Settlement Agreement shall be construed to deprive a federal official of authority to revise, amend or promulgate regulations, or to amend or revise land and resource management plans.  Nothing in this Settlement Agreement is intended to or shall be construed to amend or require amendment of the Forest Plan for the Lincoln National Forest; to waive any obligation to exhaust administrative remedies; to constitute an independent waiver of the United States' sovereign immunity; to change the standard of judicial review of federal agency actions under the Administrative Procedure Act ("APA"); or to otherwise extend or grant this Court jurisdiction to hear any matter, except as expressly provided in the Settlement Agreement.

7.      <u>Mutual Drafting And Other Provisions</u>.

      a.      It is hereby expressly understood and agreed that this Settlement Agreement was jointly drafted by Plaintiff and Federal Defendants.  Accordingly, the Parties hereby agree that

any and all rules of construction, to the effect that ambiguity is construed against the drafting party, shall be inapplicable in any dispute concerning the terms, meaning, or interpretation of the Settlement Agreement.

      b.      This Settlement Agreement contains all of the agreements between Plaintiff and Federal Defendants, and is intended to be and is the final and sole agreement between the Parties concerning the complete and final resolution of Plaintiff's claims.  Plaintiff and Federal Defendants agree that any other prior or contemporaneous representations or understandings not explicitly contained in this Settlement Agreement, whether written or oral, are of no further legal or equitable force or effect. Any subsequent modifications to this Settlement Agreement must be in writing, and must be signed and executed by Plaintiff and Federal Defendants.

      c.      This Settlement Agreement is the result of compromise and settlement, and does not constitute an admission, implied or otherwise, by Plaintiff or Federal Defendants to any fact, claim, or defense on any issue in this litigation.  This Settlement Agreement has no precedential value and shall not be cited in any other litigation.

8.      <u>Force Majeure</u>.

The Parties understand that notwithstanding their efforts to comply with the commitments contained herein, events beyond their control may prevent or delay such compliance.  Such events may include natural disasters as well as unavoidable legal barriers or restraints, including those arising from actions of persons or entities that are not party to this Settlement Agreement.  Force majeure shall not continue beyond the circumstances and conditions that prevent timely performance, and shall not apply if alternative means of compliance are available.  The Party claiming force majeure shall have the burden of proof in proceedings to enforce or modify the Settlement Agreement.

9.      <u>Effective Date</u>.

The terms and agreements contained in this Settlement Agreement do not go into effect unless and until the District Court enters an order approving this Settlement Agreement.  The Parties request the Court to incorporate the terms of the Settlement Agreement into its order of

dismissal and to retain jurisdiction for the sole purpose of enforcing the Agreement or resolving any disputes concerning its implementation.

The undersigned parties hereby consent to the form, substance and entry of the foregoing Settlement Agreement.

Respectfully submitted this 29th day of March, 2021,

/s/ William S. Eubanks II
William S. Eubanks II
Eubanks & Associates, PLLC
1331 H Street NW, Suite 902
Washington, DC 20005
(970) 703-6060
bill@eubankslegal.com

Elizabeth L. Lewis
Eubanks & Associates, PLLC
1331 H Street NW, Suite 902
Washington, DC 20005
(202) 618-1007
lizzie@eubankslegal.com

Douglas W. Wolf
NM Bar No. 7473
Center for Biological Diversity
3201 Zafarano Drive, Suite C, #149
Santa Fe, NM 87507
(202) 510-5604
dwolf@biologicaldiversity.org

*Counsel for Plaintiff*

JEAN E. WILLIAMS
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

/s/ Andrew A. Smith
ANDREW A. SMITH (NM Bar No. 8341)

Senior Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
c/o United States Attorney's Office
201 Third Street, N.W., Suite 900
P.O. Box 607
Albuquerque, New Mexico 87103
Phone: (505) 224 1468
andrew.smith@usdoj.gov

EMMA L. HAMILTON (CA Bar No. 325360)
Trial Attorney
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Phone: (202) 305-0479
emma.hamilton@usdoj.gov

*Counsel for Federal Defendants*